J. C. BEEDY, Appellant, v. MARGARET YATES, Executrix of the Estate of JAMES YATES, Deceased, E. M. METCALF and W. I. RUSH, Respondents.

**Kansas City Court of Appeals, June 6, 1910.**

EVIDENCE: Indefiniteness. The burden is on a plaintiff to make out his case by some definite and substantial evidence. And where the evidence in his behalf is of such inconclusive and indefinite character as to leave the court unable to say that he ought to recover, the court is justified in finding for defendant on that ground.

Appeal from Jackson Circuit Court.—*Hon. W. O. Thomas*, Judge.

AFFIRMED.

*W. W. Calvin* and *J. B. Hamner* for appellant.

*Henry C. Solomon* for respondent Margaret Yates, Executrix.

*Metcalf, Brady & Sherman* for respondents E. M. Metcalf and W. I. Rush.

ELLISON, J.—This proceeding was instituted by bill in equity whereby plaintiff seeks an accounting by defendants of profits alleged to have been made by the sale of certain lands, which defendants had contracted to convey to plaintiff, but, as alleged, afterward sold the land to third parties at an advanced price. Plaintiff likewise seeks to recover, in addition, the sum of three hundred dollars paid on such contract of purchase. The judgment was for the defendants.

The case was heard by the trial court on the contract of purchase, a notice, and the testimony of the plaintiff, there being no other witness. That court concluded that the evidence was too indefinite and inconclusive to justify a finding that plaintiff had made out a case.

It is alleged in the petition that defendants contracted to plaintiff "five tracts of land of ten acres each, out of certain lands in Hardin county, Texas, which defendants were then purchasing from one W. C. Moore." That plaintiff was to pay sixteen dollars per acre upon delivery of a deed thereto. That plaintiff paid on the purchase the sum of three hundred dollars, and has always been ready and willing and financially able to pay the entire purchase price in accordance with the terms of his contract and although he has offered to do so, said defendants have failed and refused to convey the same to him, but on the contrary have sold the land to other parties and received therefor a larger sum per acre than he was to pay.

The evidence, and explanations offered during the time it was being heard, is so indefinite that we find ourselves not able to state in any satisfactory manner just what was shown. The nearest we can make out of it is that one W. C. Moore had purchased an undivided one-half interest in a large tract of land in Texas and that they contracted to plaintiff "five tracts of ten acres each out of the undivided one-half interest purchased from W. C. Moore." And the land was "to be an average land of the survey out of which carved, and to be selected" by defendants and conveyed to plaintiff.

Plaintiff seeks to excuse his not making a proper tender of the money due for the land on the ground that it was useless since, as he states, defendants had sold it. But defendants show that they have not sold all of it and that they have at least fifty acres unsold. Plaintiff, at some part of the record, says that such land was not the kind called for in the contract and

Beedy v. Yates.

that he did not want fifty acres in one tract out of an undivided tract of several thousand acres. The contract, however, left to defendants the selection of the land, but says it must be average land of the tract. We have no showing of the characteristics of the different parts of the whole tract and no evidence of bad faith or unfairness on defendants' part. Indeed there is nothing preserved in the record, from beginning to end, upon which one can lay hold, which is of sufficient importance to base a recovery. But in addition to this, there are portions of the record which seem to consist of statements of counsel for either side. So we look with sympathy as well as approval upon the following remarks of the trial court, at the close of the evidence:

"Your proof is so lax. You have not gone into detail sufficiently. If you have any further evidence you want to put in here to make it more definite, I will let you do it; but the way the matter stands, I don't see that I can do anything. There is absolutely no evidence of the total amount of land. He says about three thousand acres."

"One of counsel: Well, there was twice that much and more."

About the nearest we can come to a positive statement based on the record, is that if the judgment had been rendered for plaintiff it would necessarily have been reversed for lack of support. But being rendered for the right party, it is affirmed. All concur.